[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: THE WEITZ COMPANY, INC., MOTIONS FOR SUMMARY JUDGMENT (#175 and #215) AND MOTION TO DISMISS (#213)
The defendant Weitz Company, Inc. (Weitz) has filed a Motion to Dismiss and Motions for Summary Judgment,[1] seeking judgment in its favor on the eighth count of the fourth amended complaint filed by the plaintiff Shoreline Care Limited Partnership (Shoreline). The motions are opposed by Shoreline.
This litigation concerns the construction of Evergreen Woods Continuing Care Retirement Community in North Branford, Connecticut. Weitz contracted with Shoreline on October 5, 1989, to provide "general contractor services" with respect to phase I of the project, and subsequently contracted with Shoreline on April 30, 1999, to perform similar services for phase II of the project. Weitz was to construct and install the heating, ventilation and air conditioning (HVAC) work on CT Page 8524 these two phases of the project. The phase II agreement contained a clause providing that any controversies or claims arising out of the agreement would be settled by arbitration. The phase I agreement did not contain any arbitration clause.
Shoreline hired Technical Planning Associates, Inc. (TPA) as its architect for phase I and phase II of the project. The defendant Jansen 
Rogan Consulting Engineers, P.C., (Jansen Rogan) was retained to provide mechanical and electrical engineering consulting services on phases I and II of the project. TPA is not a party to this litigation. Weitz performed services in the construction and installation of the HVAC System. Weitz hired a subcontractor, Janazzo Heating and Air Conditioning. (Janazzo), to install the HVAC System. Janazzo has been included as a third party defendant in this action. Weitz completed its work by December of 1992 and was paid in full.
Shoreline subsequently notified Weitz that there were defects and inadequacies in the HVAC system, and claimed that Weitz should have notified Shoreline of these design defects. Plaintiff asserted a claim against Weitz for the cost of restructuring the system. On June 7, 1994, Shoreline filed a demand for arbitration, claiming that Weitz had breached the contract and seeking arbitration of all disputes under both the phase I and phase II agreements. Weitz agreed to arbitrate the phase II disputes, but refused to arbitrate any claims arising out of the phase I agreement. Weitz successfully pursued an injunction preventing the arbitration of any dispute involving phase I in Weitz Co. v. Shoreline, Superior Court, Judicial District of New Haven at New Haven, Docket No. 365509 (November 3, 1994 Booth, J.), aff'd, Weitz Company, Inc. v.Shoreline Care Limited Partnership, 39 Conn. App. 641, 666 A.2d 835
(1995).
Thus, the arbitration proceeded on Shoreline's claims against Weitz arising out of phase II of the project. The arbitration took approximately 23 days to complete. The arbitrators issued their award on January 18, 1996, assessing no damages against Weitz. The award of no damages was confirmed as a judgment of the superior court, judicial district of New Haven at New Haven (February 18, 1997 Hodgson, J.).
In March of 1996, Shoreline moved to cite in Weitz as a defendant in this pending action, commenced against Jansen Rogan in November of 1994. The motion to cite in Weitz was granted and Shoreline filed a third amended complaint on April 30, 1996. Subsequently, Shoreline filed a fourth amended complaint, asserting against Weitz in count seven that Weitz breached its duties under the phase I agreement, in count 8 that Weitz breached its duties under the phase II agreement, and in count 9 that breach of the phase I and phase II agreements constitute violations CT Page 8525 of the Connecticut Unfair Trade Practices Act (CUTPA), Connecticut General Statutes § 42-110b, et seq. Weitz answered and pleaded as a special defense that the claims asserted in the eighth count relating to the phase II agreement are barred by the doctrine of res judicata.
The doctrine of res judicata precludes relitigation of claims that have already been adjudicated. "If the same cause of action is again sued on, the judgment is conclusive with respect to any claims relating to the cause of action which are actually made or might have been made." Coreyv. Avco-Lycoming, 163 Conn. 309, 317, 307 A.2d 155 (1972), cert. denied,490 U.S. 1116, 93 S.Ct. 903, 34 L.Ed.2d 699 (1973). The doctrine of res judicata is based on the public policy that a party should not be allowed to relitigate a matter which it already has had an opportunity to litigate. Duhaime v. American Reserve Life Insurance Co., 200 Conn. 360,363-64, 511 A.2d 333 (1986).
In Connecticut, the doctrine of res judicata applies equally to a decision by an arbitration panel, especially in a case in which the claims asserted in the trial court are the same as the claims asserted (or which could have been asserted) before the arbitration panel. Finkv. Golenbock, 238 Conn. 183, 193, 680 A.2d 1243 (1996). See Corey v.Avco-Lycoming, supra, 163 Conn. 317-18. "An arbitration award is accorded the benefit of the doctrine of res judicata in much the same manner as the judgment of the court." 6 C.J.S. Arbitration, § 124 (1975). By affidavit of its president, Jerry Gosselink,[2] Weitz establishes that the arbitration at issue was held in proceedings similar to judicial proceedings, inasmuch as the testimony was recorded, transcribed, and subject to cross-examination, and counsel were given opportunity to make opening and closing arguments.
It is undisputed that Shoreline and Weitz were parties to the arbitration in the same capacity as they are parties to this litigation, and it is undisputed that the claims asserted in this action with respect to phase II of the project are identical to those raised in the arbitration. Thus, all the substantive aspects of litigating a claim on the merits took place in the arbitration. See Corey v. Avco-Lycoming, supra, 163 Conn. 318.
Shoreline, however, disputes that the arbitration award was a final adjudication on the merits of all issues submitted in the arbitration, and therefore disagrees that it is precluded from litigating the issue of damages against Weitz in this action. In support of its contention, Shoreline relies on four federal cases that discuss the separability doctrine relating to the district court's power to vacate, correct or affirm arbitration awards. See Puerto Rico Maritime v. Star Lines, Ltd.,454 F. Sup. 368, 372 (S.D.N.Y. 1978); Dighello v. Busconi, CT Page 8526673 F. Sup. 85 (D. Conn. 1987); Cofinco, Inc. v. Bakrie Bros. N.V.,395 F. Sup. 613 (S.D.N.Y. 1975); and Claredon Nat. Ins. Co. v. TIGReinsurance Co., 990 F. Sup. 304 (S.D.N.Y. 1998). All four decisions involve proceedings brought under the Federal Arbitration Act,9 U.S.C.A. §§ 10 and 11. The federal arbitration act is similar to General Statutes §§ 52-417 and 418, permitting application to the superior court for an order confirming or vacating an arbitration award.
In this case, Weitz petitioned the superior court pursuant to §52-417 and received a court order confirming the arbitrators' award as to claims asserted by Shoreline under the phase II agreement. Nothing, however, prevented Shoreline from making an application under § 52-418
to vacate or modify the arbitrators award on the ground that "the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." General Statutes § 52-418 (a)(4). Shoreline did not file an application.
By confirming the award of the arbitrators on the claims arising out of the phase II agreement, the superior court provided the finality necessary to impose the doctrine of res judicata to preclude relitigation of the same claims in this action. Accordingly, the April 13, 1998 denial of Weitz' motion for summary judgment (#175), having been reconsidered, is hereby vacated. Weitz' renewed motion for summary judgment (#215), seeking to dismiss the eighth count of the fourth amended complaint, is granted. Inasmuch as the eighth count is disposed of on summary judgment, it is unnecessary for the court to decide the related motion to dismiss (#213).
ROBERT F. McWEENY, J.